UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE GIBBS,

      Plaintiff,

v.

MICHIGAN UNEMPLOYMENT
AGENCY and JULIA DALE, Director,

      Defendants.

_____/

Case No. 22-cv-12668

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2) AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915 (ECF NO. 1)

Plaintiff Maurice Gibbs filed this action *pro se* naming Michigan Unemployment Agency and Julia Dale, Director, Unemployment Insurance Agency, as Defendants. (ECF No. 1, Compl.) Plaintiff's Complaint broadly alleges that Defendants "violate[d] minimum due process rights afforded by the United States Constitution and deprive[d] Michigan unemployed of benefits and property without any basis in law," and primarily seeks monetary damages. (*Id.* PageID.5.)

Plaintiff also filed an Application to Proceed Without Prepaying Fees or Costs. (ECF No. 2, IFP Application.) He asserts that he has no income and no money in cash or in a checking or savings account. (*Id.*) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an

undue financial hardship on Plaintiff and, therefore, grants Plaintiff's Application and permits Plaintiff to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); *Gibson v. R.B. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim for relief, the factual allegations of the complaint must demonstrate a plausible entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* and *Twombly* standards govern dismissals under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A claim is frivolous when it lacks an arguable basis in law or in fact, and a court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or where its factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319 (1989).

When filing a complaint in federal court, a plaintiff must comply with Fed. R. Civ. P. 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

2

what the … claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted)). A civil complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," otherwise it is subject to dismissal under Fed. R. Civ. P. 12(b)(6). *Iqbal*, 556 U.S. at 677. Although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombley*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 678. In other words, the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

The Court is required to construe a plaintiff's *pro se* complaint liberally and to hold that complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, *pro se* litigants remain subject to the Federal Rules of Civil Procedure, and courts are not expected to devise a claim where

the plaintiff has failed to articulate one in his pleadings. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

Finally, federal courts can only hear certain kinds of cases, namely those that fall within the courts' "subject matter jurisdiction." A federal court's subject matter jurisdiction is limited to 1) issues arising under the Constitution or a federal statute ("federal question" jurisdiction), or 2) from a dispute between two parties from different states ("diversity of citizenship" jurisdiction). 28 U.S.C. §§ 1331, 1332. For a court to have federal question jurisdiction, the action must arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, there must be diversity of citizenship between the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. Diversity of citizenship requires "complete diversity," that is, that all the defendants be from a different state than all the plaintiffs. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). If a complaint is filed in federal court and does not fall within one of these two categories, the court does not have jurisdiction over it, and the court therefore cannot grant relief.

In this case, Plaintiff's Complaint is factually sparse. Plaintiff filed a Complaint using the court's standard form against Defendants Michigan

Unemployment Agency and Julia Dale, Director of the Unemployment Insurance Agency, purporting to invoke the Court's federal question jurisdiction and allege a violation of the Fourteenth Amendment's due process clause. (ECF No. 1, Compl.) While Plaintiff does not specifically identify 42 U.S.C. § 1983, it appears he brings the instant action pursuant to this statute. Plaintiff broadly complains in his "Statement of Claims" of Defendants' "illegal conduct … operating outside of authority granted by law" which "violate[s] minimum due process rights afforded by the United States Constitution," and alleges that Defendants "adopt[] and maintain[] intentional policies" to "block prompt payment of benefits" and to "engag[e] in unauthorized collection activity." (*Id.* PageID.5.) However, Plaintiff's Complaint contains no other factual allegations as to what the alleged "illegal conduct" or the "policies" are, or how, if at all, these alleged policies and/or actions impacted him personally. The Complaint also fails to allege any specific actions by Defendant Dale personally. Plaintiff seeks $33,000 in "unemployment benefits" as damages, and requests that Defendants "stop collection activity." (*Id.* PageID.6.)

Construing Plaintiff's *pro se* Complaint liberally, the Court finds that Plaintiff fails to plausibly state any federal claim on which relief may be granted against either Defendant in this case. First, Plaintiff's general criticisms of how the Michigan Unemployment Agency handles unemployment claims do not demonstrate that he is entitled to relief, as required by Rule 8(a). Plaintiff's Complaint is devoid of

*factual* support for any claims; he alleges no facts establishing that *he* was deprived of a federal or constitutional right or otherwise injured (other than his unadorned request for $33,000 in unemployment benefits). A § 1983 cause of action is entirely personal to the direct victim of the constitutional tort, *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000); *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984), and Plaintiff's Complaint fails to provide any factual support for his conclusory allegations regarding alleged constitutional violations. *See Twombly*, 550 U.S. at 555, 557. Moreover, the Complaint fails to allege that Defendant Dale was personally involved in any alleged deprivation. *See Merriweather v. Zamora*, 569 F.3d 307, 319 (6th Cir. 2009) ("[T]he complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights.") (citation omitted).

Courts are not expected to devise a claim where the plaintiff has failed to articulate one in his pleadings, or "conjure up unpled allegations." *Dietz v. Sanders*, 100 F. App'x 334, 338; *Matauszak*, 415 F. App'x at 613. A conclusory claim, with no factual allegations supporting such a claim, is insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). While the Court is mindful that a *pro se* litigant's pleadings are to be held to less stringent

6

standards, Plaintiff's Complaint simply does not allege any facts that, if proven, would entitle him to relief against Defendants in this Court.

Further, to the extent Plaintiff's Complaint can be construed as stating a claim against Defendants for Plaintiff's unemployment benefits, Defendants are immune from such suit in this Court. Although "[r]ecipients of unemployment compensation have constitutionally-protected property interests in unemployment benefits," *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 900 (6th Cir. 2019), a claimant whose application for those benefits is denied by a state unemployment agency may not sue that agency in federal court as a means of challenging the denial because, under the Eleventh Amendment to the United States Constitution, those agencies are immune from suit for "backward-looking" monetary relief. *See Zynda v. Arwood*, 175 F. Supp. 3d 791, 800-01 (E.D. Mich. 2016) (dismissing claims against Unemployment Agency officials that sought a "backward-looking award of compensatory damages ... 'measured in terms of monetary loss resulting from past breach of a legal duty on the part of the [state unemployment insurance agency] officials'" because such claims are barred by the Eleventh Amendment) (quoting *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)); *see also English v. UIA of Michigan*, No. 20-1005, 2020 WL 3578478, at *2 (6th Cir. May 20, 2020) (affirming dismissal of claim against UIA for unemployment benefits as barred by the Eleventh Amendment).

> The Eleventh Amendment states:
>
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. This constitutional provision has been interpreted to bar suits in federal courts against a state, its agencies, and officials sued in their official capacities, "regardless of the nature of the relief sought," unless immunity has been expressly waived by the state or Congress. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) ("Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'") (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Moreover, a state's consent to suit in federal court must be "unequivocally expressed." *Halderman*, 465 U.S. at 99.

It is undisputed that the State of Michigan has not waived its right to immunity from civil suit in federal court, *see Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol Corp.*, 987 F.2d at 383 (citation omitted). And although, as explained above, the basis of Plaintiff's claims

8

against Defendants is not entirely clear, it appears that he is seeking to recover unemployment compensation benefits he claims Defendants should have paid him. To the extent Plaintiff is attempting to sue Defendants in federal court to recover these backward-looking unemployment benefits, his claims are barred by Eleventh Amendment immunity. *Zynda*, 175 F. Supp. 3d at 800-01; *Cahoo v. SAS Inst. Inc.*, 322 F. Supp. 3d 772, 789 (E.D. Mich. 2018) ("Joining the State in a suit for money damages would be problematic for the plaintiffs, of course, because the State enjoys sovereign immunity."), *aff'd in part, rev'd in part on other grounds and remanded sub nom. Cahoo*, 912 F.3d 887 (6th Cir. 2019); *see also, e.g., Phillips v. New York State Dep't of Labor Unemployment Ins. Appeal Bd.*, No. 11 Civ. 1633 (JS), 2011 WL 2837499, at *2 (E.D.N.Y. July 12, 2011) ("The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity."); *Felix v. Wisconsin Unemployment Ins. Div.*, No. 15-CV-1022, 2015 WL 9480459, at *1 (E.D. Wis. Dec. 28, 2015) (finding that claim against state unemployment agency for allegedly wrongfully denied benefits was barred by the Eleventh Amendment).[1]

---

[1] The Court further notes that Plaintiff's alleged entitlement to unemployment benefits is governed by state law – specifically, the Michigan Employment Security Act (MESA) – which provides for appeal of the denial of a claim for unemployment benefits to the state "circuit court in the county in which the claimant resides or the

Finally, even to the extent Plaintiff's requested relief to "stop collection activity" could be construed as requesting prospective injunctive relief, which would not be barred by Defendants' Eleventh Amendment immunity, *Ex parte Young*, 209 U.S. 123, 159-60 (1908), the Court finds, as stated *supra*, that Plaintiff's Complaint simply fails to include any factual allegations supporting a claim for such relief. Plaintiff's Complaint does not inform the Court what "collection activity" he is complaining about, how he personally is impacted by such "collection activity," or why any federal law would require that Defendants be ordered to stop such alleged "activity."

Therefore, for the reasons stated above, Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2) is **GRANTED**. However, because Plaintiff's Complaint fails to state a plausible claim against either Defendant in this case, and because Defendants are immune from suit, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The dismissal is without prejudice to the extent Plaintiff may be able to proceed with an adequately

---

circuit court in which the claimant's place of employment is or was located …." Mich. Comp. Laws § 421.38. *See Klefas v. Tim Hortons USA Inc.*, No. 07-13503, 2009 WL 483095, at *3 (E.D. Mich. Feb. 25, 2009) ("[Michigan Unemployment Agency (MUA)] has *exclusive jurisdiction* to make initial determinations related to state-provided unemployment benefits" and "MESA further vests specific Michigan circuit courts with *exclusive jurisdiction* to review decisions made by the MUA.") (emphases added, internal and end citations omitted).

alleged claim against appropriate defendants regarding his unemployment benefits in state court, pursuant to Mich. Comp. Laws § 421.38.

IT IS SO ORDERED.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: November 15, 2022